UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHON FITZGERALD YARBROUGH,

       Petitioner,

v.                                                                                          Case No. 25-cv-13102
                                                                                            HON. MARK A. GOLDSMITH

ERIC RARDIN,

       Respondent.

_____/

## OPINION & ORDER SUMMARILY DISMISSIG THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Stephon Fitzgerald Yarbrough, currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Yarbrough challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody.  For the reasons that follow, the petition for a writ of habeas corpus is summarily dismissed.

## I.     BACKGROUND

Yarbrough pled guilty in the United States District Court for the Western District of Michigan to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during that crime, in violation of 18 U.S.C. § 924(c).  United States v. Yarbrough, No. 1:10-cr-00360 (W.D. Mich. Mar. 2, 2011) (Dkt. 21).  He was sentenced on June 1, 2011, to 156 months in prison on the robbery conviction and received a consecutive sentence of 84 months on the firearms conviction, for a total sentence of 240 months.  See id. (Dkt. 25).  Yarbrough was subsequently denied compassionate release.  Id. (Dkt. 52).

1

Yarbrough filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. Yarbrough v. United States, No. 1:16-cv-00825 (W.D. Mich. Dec. 12, 2016) (Dkts. 6, 7). The United States Court of Appeals denied him a certificate of appealability. Yarbrough v. United States, No. 16-2739 (6th Cir. May 10, 2017).

Yarbrough seeks habeas relief, claiming that the BOP has arbitrarily denied him his earned time credits toward early release to supervised release or pre-release custody under the First Step Act. Yarbrough alleges that he was informed by the BOP that he is ineligible to receive FSA credits because of his firearms conviction. Although acknowledging that defendants convicted of firearms convictions under § 924(c) are ineligible to receive FSA credits, Yarbrough argues this is only applicable if the inmate's current conviction involves a disqualifying offense. He indicates that he has completed his 84 month sentence for the firearms conviction and is currently incarcerated only on the bank robbery conviction, an offense that does not disqualify him from consideration for FSA credits. Yarbrough further argues that the BOP erred in aggregating his consecutive sentences in order to deny FSA credits to him. Yarbrough asks this Court to order the BOP to grant him the FSA credits.

## II.    ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing §

2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. Id. at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Id.  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241.  See, e.g., Perez, 157 F. Supp. 2d at 796.  The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief.  See Alexander v. N. Bureau of Prisons, 419 F.  App'x 544, 545 (6th Cir. 2011).

A conviction under 18 U.S.C. § 924(c) relating to unlawful possession or use of a firearm during and in relation to any crime of violence or a drug trafficking crime makes an inmate ineligible to receive earned time credits under the First Step Act.  See Oiler v. LeMaster, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025); Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (both citing 18 U.S.C. § 3632(d)(4)(D)(xxii)).

Although Yarbrough is no longer serving his sentence for his firearms conviction, it was proper for the BOP to aggregate his current robbery conviction with his firearms conviction to deny him FSA credits.  "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c).  The Sixth Circuit recognizes that "the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)."  Oiler, 2025 WL 1864875, at *1

3

(punctuation modified). Because Yarbrough's aggregated sentence rendered him ineligible to receive time credits under the FSA, due to his firearms conviction under § 924(c), he is not entitled to habeas relief; the BOP properly denied him FSA credits. See id.; see also Martinez v. Rosalez, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (BOP properly aggregated petitioner's prior Mexican conviction for aggravated homicide, a disqualifying offense, with two subsequent and unrelated federal convictions which did not involve disqualifying offenses, to deny FSA credits).

Petitioner seeks to circumvent this by arguing that the BOP's interpretation of federal statutes to aggregate his sentences for the purpose of denying him FSA credits is now invalid in light of the Supreme Court's recent decision in Loper Bright Enter. v. Raimondo, 603 U.S. 369 (2024). Loper overruled the Supreme Court's decision in Chevron v. Nat'l Res. Def. Council, Inc., 467 U.S. 837, 844 (1984), which had held that a federal agency's interpretation of a federal statute ordinarily is entitled to deference. In Loper Bright, the Supreme Court held that a federal court can no longer defer completely to a federal agency's interpretation of the law merely because a statute is ambiguous. Loper Bright, 603 U.S. at 412. The Court in Loper Bright, however, indicated that a federal agency's interpretation of a statute within its area of expertise is still relevant: "[C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes. Such interpretations constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance[.]" Id. (punctuation modified). Finally, even after the Loper Bright decision, federal courts should still defer to a federal agency's interpretation of a statute when it expressly delegates interpretive authority to an agency or when the statute allows the agency to "fill up the details of a statutory scheme." Id. at 394–395 (punctuation modified).

Yarbrough cannot avail himself of the Loper Bright decision to obtain habeas relief for several reasons. First, assuming that the Loper Bright decision is even applicable to the BOP's decision to aggregate consecutive sentences for FSA credit purposes, a federal court cannot use Loper Bright to overturn any prior cases that relied on the Chevron framework to find that a federal agency's actions were lawful because those holdings are still subject to statutory stare decisis despite the Supreme Court's change in "interpretive methodology." Id. at 412. As the Sixth Circuit recently noted, "while Loper Bright opens the door to new challenges based on new agency actions interpreting statutes, it forecloses new challenges based on specific agency actions that were already resolved via Chevron deference analysis." Tennessee v. Becerra, 117 F.4th 348, 363 (6th Cir. 2024) (emphasis in original). "The Supreme Court cautioned litigants hoping to rehash or relitigate previously settled issues decided on Chevron that [m]ere reliance on Chevron cannot constitute a special justification for overruling such a holding." Id. at 364. "Loper Bright unquestionably "overruled" Chevron, but that does not amount to a talismanic exception to res judicata." Doe v. Dep't of Health and Hum. Servs., No. 1:24-cv-49, 2024 WL 4719612, at *5 (E.D. Tex. Nov. 8, 2024).

Secondly, Yarbrough is not entitled to habeas relief because even under Loper Bright, because the BOP's decision to aggregate consecutive sentences to deny Yarbrough his FSA credits is reasonable. Another district judge recently rejected a similar argument that Loper Bright precluded the BOP from aggregating separate convictions in order to determine FSA eligibility. See Clinkenbeard v. King, No. cv 23-3151, 2024 WL 4355063, at *4 (D. Minn. Sept. 30, 2024); aff'd No. 24-3127, 2025 WL 926451 (8th Cir. Mar. 27, 2025). That court found:

> Here, the Attorney General and the Bureau of Prisons are entrusted with sole authority to compute federal sentences. 28 C.F.R. § 0.96; United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992). The First Step Act also expressly delegates at least some authority to the Attorney General and the Bureau of Prisons to fill up

5

the details of the time credit system. 18 U.S.C. § 3632(a),(a)(6) (directing the Attorney General to develop a "risk and needs assessment system" that, among other things, will "determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities"); 18 U.S.C. § 3632(d)(4)(A)(ii) (giving further discretion to the Bureau of Prisons to dole out additional time credits to prisoners it deems are at lower risks of recidivating); see also Mero v. Yates, No. 2:22-72, 2022 WL 17653228, at *5 (E.D. Ark. Sept. 27, 2022) ("The earned time credit program is new and multifaceted, and the authority to implement the program and calculate an inmate's time credits is delegated to the BOP, not the federal courts.")

Id.  Clinkenbeard further found:

The legislative history [behind the First Step Act] also makes clear that Congress was worried about excluding classes of prisoners based on the crimes they committed, not gaming out which particular segment of the sentence they were serving…and [H]aving scoured the First Step Act's Congressional record, the Court can find no language that implies Congress meant to bifurcate prison sentences into eligible and noneligible segments. Instead, the evidence is strong that Congress added the eligibility language as a compromise to ensure that if a prisoner had committed certain crimes, the general public would not be at risk of them leaving prison early.

Id. at *4.

Clinkenbeard also cited to several pre-Loper Bright cases that ruled that the BOP's decision to aggregate sentences to determine FSA eligibility was reasonable.  Clinkenbeard, 2024 WL 4355063, at *5 (collecting cases).  Finally, the judge noted that even in the aftermath of Loper Bright, courts have continued to find that the BOP's interpretation of the First Step Act to deny FSA eligibility to inmates like Yarbrough serving aggregate sentences that include a disqualifying offense is both "reasonable and required" by statute. Id. (citing Hargrove v. Healy, No. 4:23-1857, 2024 WL 3992261, at *5 (N.D. Ohio Aug. 28, 2024)).  At least two other courts in the Sixth Circuit have since found that the BOP's aggregation of consecutive sentences to deny FSA credits to a federal prisoner remains valid in the aftermath of Loper Bright. See Martinez v. Healy, No. 4:24-CV-00833, 2025 WL 2021533, at *7 (N.D. Ohio July 18, 2025); also see Brewer v. Harrison, No.

2:24-cv-2305, 2025 WL 367398, at *1 (W.D. Tenn. Jan. 29, 2025). Yarbrough is not entitled to relief on his claim.

### III. CONCLUSION

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is summarily dismissed. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004), Yarbrough need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court grants Yarbrough leave to appeal in forma pauperis because any appeal would be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

Dated: June 24, 2026　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2026.

　　　　　　　　　　　　　　　　　　　　s/Joseph Heacox
　　　　　　　　　　　　　　　　　　　　JOSEPH HEACOX
　　　　　　　　　　　　　　　　　　　　Case Manager